## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| AZURE NETWORKS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 6:15-CV-00018-RWS |
| | § | |
| ACER AMERICA CORPORATION, *et al.* | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## MOTION BY DEFENDANTS ACER AMERICA CORPORATION AND ACER INC. TO DISMISS ALLEGATIONS BY PLAINTIFF AZURE NETWORKS, LLC OF INDUCED AND WILLFUL INFRINGEMENT

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ......................................................................................................1

II.   STATEMENT OF THE ISSUES TO BE DECIDED........................................................ 2

III.   STATEMENT OF FACTS .......................................................................................... 2

    A.   Allegations Of Induced Infringement ................................................................ 3

    B.   Allegations Of Willful Infringement .................................................................. 4

    C.   Pre-Suit Knowledge From Azure's 2012 Complaint............................................ 4

IV.   LEGAL STANDARD.................................................................................................. 5

V.   AZURE FAILS TO A STATE A CLAIM FOR INDUCED INFRINGEMENT
    AND WILLFUL INFRINGEMENT ................................................................................ 7

    A.   Azure's Fact-Deficient Allegations Cannot Support An Inference Of The
        State Of Mind Required For Pre-Suit And Post-Suit Induced Infringement ......... 7

    B.   Azure's Fact-Deficient Allegations Cannot Support An Inference Of The
        State Of Mind Required For Pre-Suit And Post-Suit Willful Infringement ........ 10

    C.   Azure's 2012 Complaint Negates Any Specific Intent Required For Pre-
        Suit Induced And Willful Infringement.............................................................. 12

    D.   Azure Fails To Plead Facts Necessary To Show Knowledge Of The Eight
        Patents-In-Suit Prior To The Filing Of The Current Lawsuit.............................. 13

VI.   CONCLUSION......................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aeritas, LLC v. Alaska Air Grp., Inc.*,
    893 F. Supp. 2d 680 (D. Del. 2012)........................................................................11

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
    No. 6:13-cv-365-JCM, 2014 WL 2892285 (W.D. Tex. May 12, 2014)..........................10, 14

*Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*,
    No. 6:13-cv-00307-MHS-JDL, Doc. Nos. 77, 98  (E.D. Tex. Feb. 7, 2014)...........................8

*Anascape, Ltd. v. Microsoft Corp.*,
    No. 9:06-cv-158, 2008 WL 7182476 (E.D. Tex. Apr. 25, 2008) ...........................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................ *passim*

*Azure Networks, LLC, et al. v. Acer Am. Corp., et al.*,
    No. 6:12-cv-751, Doc. Nos. 1, 19 (E.D. Tex.)...............................................2, 3, 12

*Azure Networks, LLC, et al. v. MediaTek Inc.*,
    No. 6:12-cv-252, Doc. No. 173 (E.D. Tex.) ......................................................3, 12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................. *passim*

*Blue Spike, LLC v. Tex. Instruments, Inc.*,
    No. 6:12-cv-00499, Doc. No. 1006 (E.D. Tex. Sept. 17, 2013) .............................................11

*Boundaries Solutions Inc. v. CoreLogic, Inc.*,
    No. 5:14-cv-00761-PSG, 2014 WL 7463708 (N.D. Cal. Dec. 30, 2014)................................14

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) ...........................................................................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    131 S. Ct. 2060 (2011)..................................................................................7, 13

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F. 3d 1323 (Fed. Cir. 2012).........................................................................1, 6, 7

*In re Missionary Baptist Found. of Am., Inc.*,
    712 F.2d 206 (5th Cir. 1983) ...........................................................................3

*In re Seagate Tech., LLC*,
    497 F.3d 1360 (Fed. Cir. 2007) (en banc)..........................................................................7, 12

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012)....................................................................................10

*Norman IP Holdings, LLC v. Chrysler Group, LLC*,
    No. 6:13-cv-00278-LED-JDL, Doc. Nos. 216, 226 (E.D. Tex. March 5, 2014)......................8

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
    312 F. Supp. 2d 639 (D. Del. 2004)....................................................................................13

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Intl., Inc.*,
    2:13-CV-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014)..........................................9, 10

*Touchscreen Gestures LLC v. Research in Motion Ltd.*,
    No. 6:12-cv-263, Doc. No. 22 at 4 (E.D. Tex. March 27, 2013).......................................11, 12

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
    No. 6:12-cv-366, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ..........................1, 6, 7, 10, 11

*Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*,
    983 F. Supp. 2d 700 (E.D. Va. 2013) ..................................................................................14

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
    No. 11-cv-6638-RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .......................................14

*Webmap Techs., LLC v. Google, Inc.*,
    No. 2:09-cv-343, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010)...........................................12

**Statutes**

35 U.S.C. § 271(b) ...............................................................................................................6

**Other Authorities**

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ......................................................................1, 5

U.S. Patent No. 7,756,129................................................................................... *passim*

## I.     <u>INTRODUCTION</u>

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), Defendants Acer America Corporation and Acer Inc. (collectively, "Defendant" or "Acer") move to dismiss Plaintiff Azure Networks, LLC's ("Plaintiff" or "Azure") allegations of induced and willful infringement in its Complaint against Acer.[1]  Azure's induced and willful infringement allegations fail to meet the heightened pleading standards delineated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), by merely asserting conclusory statements and omitting facts necessary to plead the knowledge and intent requirements.  *See* FED. R. CIV. P. 12(b)(6); *see generally Iqbal*, 556 U.S. at 662 (citing heightened pleading standards for allegations of indirect infringement); *Twombly*, 550 U.S. at 557.

Azure's Complaint accuses Acer of induced and willful infringement using, at best, standards set forth in FORM 18 from the Appendix of Forms to the FEDERAL RULES OF CIVIL PROCEDURE, which is widely accepted as applying only to pleadings of direct infringement, not induced or willful infringement.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F. 3d 1323, 1334 (Fed. Cir. 2012); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366, 2013 WL 8482270, at *3 (E.D. Tex. Mar. 6, 2013).[2]  Contrary to established precedent requiring a plaintiff to plead factual allegations that speak to a defendant's specific knowledge and intent when pleading induced and willful infringement, Azure merely restates boilerplate case law "devoid of further factual enhancement."  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).  As the Supreme Court stated in *Iqbal*, such a pleading "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

---

[1]  Azure's inducement and willfulness allegations are contained in Count X and Count XI of Azure's Complaint against Acer.  Doc. No. 1 (Complaint) at ¶¶ 53-57.
[2]  Exhibit 1.  For the convenience of the Court, unpublished cases are attached as exhibits.

not do.'"  *Id*. (citing *Twombly*, 550 U.S. at 555).   In the present action, Azure simply uses a formulaic recitation to plead allegations of induced and willful infringement, each of which requires much more to meet the "plausibility" standard set out by the Supreme Court.  *Iqbal*, 556 U.S. at 678.  Because Azure's Complaint is highly deficient in these regards, Azure's allegations of induced and willful infringement must be dismissed.

## II.   STATEMENT OF THE ISSUES TO BE DECIDED

1.      Whether Azure's Complaint fails to state a claim for induced infringement because it relies on conclusory statements and does not plead sufficient facts to support a plausible inference of intent required for induced infringement.

2.      Whether Azure's Complaint fails to state a claim for willful infringement because it relies on conclusory statements and does not plead sufficient facts to support a plausible inference of intent required for willful infringement.

3.      Whether Azure's change of infringement theories from its 2012 Complaint negates any specific intent required for pre-suit induced infringement and pre-suit willful infringement.

4.      Whether knowledge of one patent in a patent family equates to knowledge of the other patents and patent applications in the same patent family.

## III.   STATEMENT OF FACTS

This is the second action brought by Azure against Acer concerning U.S. Patent No. 7,756,129 ("the '129 Patent").  Azure initially brought a patent infringement suit against Acer on October 7, 2012, accusing Acer products that incorporated "Bluetooth High Speed (HS) wireless technology and/or products and systems incorporating ***Bluetooth wireless technology in combination with WiFi technology, such as WiFi Direct***." *Azure Networks, LLC, et al. v. Acer Am. Corp., et al.*, No. 6:12-cv-751, Doc. No. 1 at ¶ 11 (E.D. Tex.) (the "2012 Complaint")

(emphasis added).[3]  Even though Azure clearly was aware of Wi-Fi Direct wireless technology in 2012, at that time, Azure did not accuse Acer products that incorporated Wi-Fi Direct wireless technology *standing alone*—that is, *without Bluetooth wireless technology*—of infringing the '129 Patent.  On May 28, 2013, after nearly eight months of litigation, Azure voluntarily dismissed the action against Acer without prejudice.  *Azure Networks, LLC, et al. v. MediaTek Inc.*, No. 6:12-cv-252, Doc. No. 173 (E.D. Tex.).[4]  On May 31, 2013, the Court dismissed the first *Azure v. Acer* action without prejudice.  *Azure v. Acer*, No. 6:12-cv-751, Doc. No. 19.[5]

On January 12, 2015, over two years after bringing its first suit, Azure now brings another action against Acer, accusing Acer of willfully infringing and inducing the infringement of nine patents, one of which was the subject of the prior litigation—the '129 Patent.  This time, however, Azure accuses Acer products that incorporate **Wi-Fi Direct wireless technology standing alone and without Bluetooth wireless technology** of infringing the nine patents-in-suit.  Doc. No. 1 (Complaint) at ¶¶ 19, 27, 30, 33, 36, 39, 42, 45, 48, 51.

### A.    Allegations Of Induced Infringement

In only the most conclusory manner, Azure's Complaint alleges induced infringement.  Specifically, Azure accuses Acer of intentionally inducing infringement of the nine patents-in-suit with merely the following conclusory allegations:

> Defendant, directly and/or through subsidiaries or intermediaries, has and
> continues to induce infringement (literally and/or under the doctrine of

---

[3] Exhibit 2.  The Court may consider Azure's 2012 Complaint in deciding Acer's Motion because (1) Azure has incorporated its 2012 Complaint by reference into its current Complaint, and (2) the Court may take judicial notice of it.  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" (citation omitted)); *see also In re Missionary Baptist Found. of Am., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable references therefrom.").

[4] Exhibit 3.

[5] Exhibit 4.

> equivalents) of one or more claims of the Asserted Patents.   Defendant's
> deliberate and/or willfully blind actions include, but are not limited to, actively
> marketing to, supplying, causing the supply to, encouraging, recruiting, and
> instructing others such as consumers, businesses, distributors, agents, channel
> partners, resellers, sales representatives, end users, and customers, to use, make
> available for another's use, promote, market, distribute, import, sell and/or offer
> to sell the Infringing Products.  These actions, individually and collectively, have
> induced and continue to induce the direct infringement of the Asserted Patents by
> others such as consumers, businesses, distributors, resellers, sales representatives,
> agents, channel partners, end users, and customers.  Defendant knew and/or was
> willfully blind to the fact that the induced parties' use, testing, making available
> for another's use, promotion, marketing, distributing, importing, selling and/or
> offering to sell the Infringing Products would infringe one or more of the Asserted
> Patents.

*Id.* at ¶ 53.   Thus, Azure asserts induced infringement by merely stating that Acer conducts

business as usual by marketing and selling its products to third parties.

### B.   Allegations Of Willful Infringement

As with its inducement allegations, Azure's willful infringement allegations are heavy on

conclusions and light on facts.  Alleging that "to the extent" the filing and service of either its

2012 Complaint or its current Complaint gives Acer actual notice of infringement, Acer willfully

infringes the patents-in-suit because:

> Defendant continues to make, continue to make, use, make available for
> another's use, offer to license or license in the United States, sell or offer to sell,
> and/or import the Infringing Products . . . and/or continue to induce others such
> as consumers, businesses, distributors, agents, channel partners, resellers, sales
> representatives, end users, and customers to infringe the Asserted Patents.

*Id.* at ¶¶ 55-56.   In entirely conclusory verbiage, Azure thus asserts that Acer is a willful

infringer merely because it knows of the patents and continues to conduct business as usual by

making and selling its products.

### C.   Pre-Suit Knowledge From Azure's 2012 Complaint

Azure's allegations of pre-suit knowledge with respect to induced infringement are as

follows:

> At least by filing and serving this Original Complaint for Patent Infringement,
> Azure has given Defendant written notice of the infringement. Furthermore, at
> least by filing and serving the Original Complaint for Patent Infringement in

> *Azure Networks, LLC, et al. v. Acer America Corporation, et al.*, Civ. Action No. 6:12-cv-751 (E.D. Texas), Azure has given Defendant written notice of the infringement. Because the '129 Patent, which was previously asserted against Defendant in *Azure Networks, LLC, et al. v. Acer America Corporation, et al.*, Civ. Action No. 6:12-cv-751 (E.D. Texas), and the other asserted patents are in the same patent family, upon information and belief, Defendant had knowledge of or was willfully blind to knowledge of the Asserted Patents and/or their patent applications and its infringement of said patents before the filing of this lawsuit. Defendant's infringing activities violate 35 U.S.C. § 271.

*Id.* at ¶ 54.

Azure's allegations of pre-suit knowledge with respect to willful infringement are as follows:

> Because the '129 Patent, which was previously asserted against Defendant in *Azure Networks, LLC, et al. v. Acer America Corporation, et al.*, Civ. Action No. 6:12-cv-751 (E.D. Texas), and the other asserted patents are in the same patent family, upon information and belief, Defendant had knowledge of the Asserted Patents and/or their patent applications and its infringement of said patents before the filing of this lawsuit.

*Id.* at ¶ 57 (emphasis added).

While Azure admits in the above paragraphs that it only asserted the '129 Patent against Acer in its 2012 lawsuit, Azure claims that because the eight other patents-in-suit are "in the same patent family" as the '129 Patent, Acer should have had notice of these patents at the time of service of Azure's 2012 Complaint.  As explained below, Azure's position is contrary to established law.  Further, Azure alleges no other facts suggesting Acer's knowledge of the eight other patents before the filing of the current Complaint, apart from its reference to the 2012 Complaint—which could not have provided Acer notice of the eight other patents because they did not even exist at the time of the filing of the 2012 Complaint.

## IV.   LEGAL STANDARD

When a party fails to state a claim upon which relief can be granted, a motion may be made to the court for dismissal.  FED. R. CIV. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true to 'state a claim to relief that is

*plausible* on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).   The Supreme Court in *Twombly* and *Iqbal* was careful to distinguish between claims that are "plausible" and "possible."   A plausible claim "asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.*   A possible claim as explained in *Iqbal* is one that pleads facts that are "merely consistent with a defendant's liability."   *Id.* (quoting *Twombly*, 550 U.S. at 557).   A possible claim is insufficient according to the Supreme Court.   *Id.*   Further, allegations that permit two equally plausible inferences (for example, both legal liability and rational business behavior are equally plausible), only one of which permits a finding of liability, do not meet the standard.   *Twombly*, 550 U.S. at 554, 570.   To survive a motion to dismiss, Azure's claims must plead factual allegations that are "enough to raise a right to relief above a speculative level." *Id.* at 555.

While a Court may consider factual allegations as true, legal conclusions as pled in a complaint "are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679.   Although "legal conclusions provide a framework of a complaint, they must be supported by factual allegations." *Id.*   To survive a motion to dismiss as to Azure's allegations of induced and willful infringement, Azure must plead "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Id.* at 678 (quoting *Twombly,* 550 U.S. at 555); *In re Bill of Lading*, 681 F.3d at 1336-37 (stating that "the general principles of *Twombly* and *Iqbal* must be applied to indirect infringement"); *U.S. Ethernet Innovations,* 2013 WL 8482270, at *2 (standards of *Iqbal* and *Twombly* apply to induced infringement and willful infringement claims).   "Conclusory" allegations are "not entitled to be assumed true" on a motion to dismiss. *Iqbal*, 556 U.S. at 678, 681.

Pursuant to 35 U.S.C. § 271(b), induced infringement requires the knowledge that the patent exists, knowledge that the induced acts constitute patent infringement, and specific intent

to encourage infringement.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).   To properly plead induced infringement, a plaintiff must include facts showing defendants "plausibly" knew they were engaged in infringing actions and a showing that defendants "specifically intended their customers to infringe."  *In re Bill of Lading*, 681 F.3d at 1339.   For willful infringement, Azure must sufficiently allege that Acer acted despite an "objectively high likelihood"—defined as a "risk . . . that was either known or so obvious that it should have been known to [Acer]"—that its acts "constituted infringement of a valid patent."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).   This requires that, "at the pleading stage, a plaintiff alleging willful infringement should provide enough *facts* that, when taken as true, show objective recklessness of the infringement risk."  *U.S. Ethernet Innovations*, 2013 WL 8482270, at *5 (emphasis added).

## V.    AZURE FAILS TO A STATE A CLAIM FOR INDUCED INFRINGEMENT AND WILLFUL INFRINGEMENT

### A.    Azure's Fact-Deficient Allegations Cannot Support An Inference Of The State Of Mind Required For Pre-Suit And Post-Suit Induced Infringement

Azure's conclusory allegations fail to state an adequate claim for induced infringement because they lack assertions of fact, as required by *Iqbal* and *Twombly*—in which the Supreme Court disapproved of such factually poor allegations as these allegations from Azure:

> Defendants . . . has and continues to induce infringement . . . of one or more claims of the Asserted Patents.  Defendant's deliberate and/or willfully blind actions include, but are not limited to, actively marketing to, supplying, causing the supply to, encouraging, recruiting, and instructing others such as consumers, businesses, distributors, agents, channel partners, resellers, sales representatives, end users, and customers, to use, make available for another's use, promote, market, distribute, import, sell and/or offer to sell the Infringing Products.

Doc. No. 1 (Complaint) at ¶ 53**.**  This District, too, has dismissed induced infringement claims falling short on facts in the same way.  For example, in *U.S. Ethernet Innovations*, Judge Schneider dismissed the following induced infringement claims:

> Defendants . . . induce infringement through supplying infringing systems and components to Defendants' customers.  Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the [Patent], in violation of 35 U.S.C. § 271.

2013 WL 8482270, at *2, *4-5.  Similarly, in *Norman IP Holdings, LLC v. Chrysler Group, LLC*, Magistrate Judge Love dismissed induced infringement allegations asserting merely that the defendant "induced customers to infringe the Patent-in-Suit by 'provid[ing] related services, specifications, and instructions for the installation and infringing operation of'" the accused systems, finding them "too conclusory."  No. 6:13-cv-00278-LED-JDL, Doc. No. 216 at 6 (E.D. Tex. March 5, 2014) (report and recommendation adopted by Judge Davis, at Doc. No. 226);[6] *see also Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, No. 6:13-cv-00307-MHS-JDL, Doc. No. 77 at 6 (E.D. Tex. Feb. 7, 2014) (report and recommendation adopted at Doc. No. 98) (dismissing induced infringement claim based solely on allegations that defendant was "making, offering for sale, or importing vehicles that include Infringing Systems," and "providing customers and others with detailed explanations, instructions, and information as to arrangements, applications, and uses" of accused technology).[7]

    In *Twombly* and *Iqbal*, the Supreme Court found the plaintiffs' reference to unlawful conduct to be a "legal conclusion" which was not entitled to an assumption of truth.  *Iqbal*, 556 U.S. at 679-80 (citing *Twombly*, 550 U.S. at 555).  The Supreme Court found that even if the facts as pled were taken as true, they did not "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  Similarly in the present matter, there are no additional facts included by Azure other than "an unadorned, the defendant-unlawfully-harmed-me accusation" that the Supreme Court deemed insufficient.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 556 U.S. at 555).

---

[6] Exhibits 5 and 6.
[7] Exhibits 7 and 8.

Even if the Court were to assume that Acer engaged in the conclusory, boilerplate conduct outlined in Paragraph 53 of the Complaint, the conduct alleged does not make it plausible that Acer engaged in induced infringement; rather, it is equally plausible that Acer's conduct as described in Paragraph 53 of the Complaint was carried out without the intention to infringe, but as part of Acer's good faith and rational business behavior.  *See Twombly*, 550 U.S. at 570 (allegations consistent with both legal liability and rational business behavior do not meet the plausibility standard).  Azure's induced infringement allegations state no more than that Acer continues to exist and do business.  That Acer sells products and provides instructions on their use can be said of any defendant in any patent case.  But even if such conduct makes an induced infringement *conceivable*, it does not make induced infringement *plausible.  See Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570).

As to the requirement of specific intent, Azure asserts the following in a conclusory fashion:

> These actions, individually and collectively, have induced and continue to induce the direct infringement of the Asserted Patents by others such as consumers, businesses, distributors, resellers, sales representatives, agents, channel partners, end users, and customers.  Defendant knew and/or was willfully blind to the fact that the induced parties' use, testing, making available for another's use, promotion, marketing, distributing, importing, selling and/or offering to sell the Infringing Products would infringe one or more of the Asserted Patents.

Doc. No. 1 (Complaint) at ¶ 53**.**  Instead of pleading facts to support the inference of specific intent required in an induced infringement claim, Azure espouses a legal conclusion that Acer "knew and/or was willfully blind to the fact that the induced parties[] . . . infringe one or more of the Asserted Patents," adding no substantive factual allegations speaking to intent.  *Id.*  Azure provides nothing to suggest or support the requisite element of specific intent to induce infringement by others.  As Azure's allegations are merely legal conclusions, they are therefore not entitled to the "assumption of truth."  *See Iqbal,* 556 U.S. at 679-80; *see also Tierra*

*Intelectual Borinquen, Inc. v. ASUS Computer Intl., Inc.*, 2:13-CV-38-JRG, 2014 WL 894805, at

*5 (E.D. Tex. Mar. 4, 2014) (differentiating specific intent from "mere knowledge");[8] *MONEC*

*Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230-31 (D. Del. 2012) (stating that

allegations of inducement require a showing of knowledge *and* "evidence of culpable conduct,

directed to encouraging another's infringement" and holding that "[a]llegations of marketing

activities… do not, on their own, demonstrate that Defendants knew such activities were

infringing or that Defendants possessed the specific intent to encourage another's infringement")

(citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006)); *Affinity Labs of*

*Tex., LLC v. Toyota Motor N. Am.*, No. 6:13-cv-365-JCM, 2014 WL 2892285, at *7 (W.D. Tex.

May 12, 2014) (holding that plaintiff's general assertion that defendant induced its customers to

purchase vehicles was insufficient to properly allege that defendant induced its customers to

infringe the patents)**.**[9]

Azure fails to meet even the minimum threshold of specificity to plead basic elements of

induced infringement.  For these reasons, the Court should dismiss Azure's claims for both pre-

suit and post-suit induced infringement.

### B.      Azure's Fact-Deficient Allegations Cannot Support An Inference Of The State Of Mind Required For Pre-Suit And Post-Suit Willful Infringement

Azure's willful infringement allegations lack needed facts and are full of conclusory

statements.  To successfully plead an allegation of willful infringement, a plaintiff should

"provide enough facts that when taken as true show objective recklessness of the infringement

risk."  *See U.S. Ethernet Innovations*, 2013 WL 8482270, at *5.  But Azure's allegations barely

achieve possibility, let alone plausibility.  Azure practically admits as such, alleging that "to the

extent" the filing and service of its 2012 Complaint or the current Complaint gives Acer actual

---

[8] Exhibit 9
[9] Exhibit 10.

notice of infringement, Acer has willfully infringed because Acer "continues to make, continue to make, use, make available for another's use, offer to license or license in the United States, sell or offer to sell, and/or import the Infringing Products . . . and/or continue to induce others . . . to infringe the Asserted Patents."  Doc. No. 1 (Complaint) at ¶¶ 55-56**.**  Azure's language again fails to meet the standard set out by the Supreme Court in *Iqbal* and *Twombly*.  And again, these allegations are at least as suggestive of Acer's rational business behavior as they are of any supposed intent to infringe.  As such, Azure has not pled facts to suggest "an objective recklessness of the infringement risk," and therefore fails to raise its right to relief "above a speculative level."  *See U.S. Ethernet Innovations*, 2013 WL 8482270, at *2, *4-5 (dismissing willfulness claims supported by mere assertion that defendants "have had actual or constructive knowledge of the [patent], yet continue to infringe said patent" by making and supplying infringing products); *Blue Spike, LLC v. Tex. Instruments, Inc*., No. 6:12-cv-00499, Doc. No. 1006 at 5 (E.D. Tex. Sept. 17, 2013) ("Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim.");[10] *Aeritas, LLC v. Alaska Air Grp., Inc.*, 893 F. Supp. 2d 680, 685 (D. Del. 2012) (more than "mere knowledge" is required to prove willful infringement) (citing *Metro–Goldwyn–Mayer Studios v. Grokster, Ltd.*, 545 U.S. 913, 915 (2005)); *Touchscreen Gestures LLC v. Research in Motion Ltd*., No. 6:12-cv-263, Doc. No. 22 at 4 (E.D. Tex. March 27, 2013) (finding the filing of a lawsuit is insufficient notice to support post-filing willful infringement claims).[11]

As with its induced infringement allegations, Azure fails to meet even the minimum threshold necessary to plead a claim of willful infringement.  For these reasons, the Court should

---

[10] Exhibit 11.
[11] Exhibit 12.

dismiss Azure's claims for both pre-suit and post-suit willful infringement.[12]

### C.      Azure's 2012 Complaint Negates Any Specific Intent Required For Pre-Suit Induced And Willful Infringement

Azure's prior lawsuit in 2012 and subsequent dismissal of Acer in 2013 concerning the '129 Patent demonstrates, if anything, Acer's lack of the pre-suit knowledge and intent necessary to establish induced or willful infringement as it pertains to the '129 Patent or any other patents asserted against Acer in the current lawsuit.

Azure contradicts its own knowledge and intent allegations with its prior action, and then inaction, against Acer.  There are no allegations that Acer knew of any patent-in-suit before the 2012 Complaint.  But not only did Azure previously know and accuse Wi-Fi Direct technology of infringing the '129 Patent—and then, ***only in combination*** with Bluetooth technology—but it voluntarily dismissed its 2012 Complaint against Acer without prejudice.  *See Azure v. Acer*, No. 6:12-cv-751, Doc. No. 1 at ¶ 11; *Azure v. MediaTek*, No. 6:12-cv-252, Doc. No. 173**.**  Having chosen to sue Acer in 2012 but not to accuse Wi-Fi Direct technology ***standing alone***, which Azure now accuses, Azure can hardly assert that Acer had the requisite knowledge and intent. *See* Doc. No. 1 (Complaint) at ¶¶ 19, 27, 30, 33, 36, 39, 42, 45, 48, 51**.**  The 2012 Complaint may serve as notice that Wi-Fi Direct technology, in combination with Bluetooth technology, allegedly infringes the '129 Patent.  But it does not serve as notice that, as presently alleged, Wi-Fi Direct technology, standing alone, infringes the '129 Patent or any of the other eight patents-in-suit.  Consequently, there can be no "plausible inference" that Acer ever knew that Wi-Fi

---

[12] Furthermore, to the extent that Azure's willful infringement claim as to the patents-in-suit is premised on Acer's post-filing conduct, it should be dismissed because Azure failed to move for a preliminary injunction.  *See In re Seagate*, 497 F.3d at 1374 ("A patentee who does not attempt to stop an accused infringer's activities [through moving for a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct."); *see also Touchscreen Gestures*, No. 6:12-cv-263, Doc. No. 22 at 4; *Webmap Techs., LLC v. Google, Inc.*, No. 2:09-cv-343, 2010 WL 3768097, at *4 (E.D. Tex. Sept. 10, 2010) (Exhibit 13).

Direct technology standing alone infringes the '129 Patent or any other patents prior to the current Complaint.  Without such knowledge, Acer cannot have the specific intent to induce others to infringe or to willfully infringe.

Finally, Azure fails to allege any communication with Acer between its voluntary dismissal of the previous action and its commencement of the current action.  Nor has Azure alleged any other facts that would allow for a plausible inference of the knowledge and intent required for induced and willful infringement.  Having remained silent for well over a year, Azure "created a reasonable inference that [Azure] considered [Acer]'s product to be non-infringing."  *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 312 F. Supp. 2d 639, 641-42 (D. Del. 2004).  For these reasons, Azure's own actions and inactions negate any pre-suit induced and willful infringement for all nine patents-in-suit.

> **D.** **Azure Fails To Plead Facts Necessary To Show Knowledge Of The Eight Patents-In-Suit Prior To The Filing Of The Current Lawsuit**

Proper induced and willful infringement claims both require allegations that the defendant knew of the patent-in-suit.  *Global-Tech*, 131 S. Ct. at 2068; *Anascape, Ltd. v. Microsoft Corp.*, No. 9:06-cv-158, 2008 WL 7182476, at *3 (E.D. Tex. Apr. 25, 2008).[13]  Here, Azure fails to allege that Acer knew any of the patents-in-suit before Azure filed the 2012 Complaint.  Further, Azure's Complaint as alleged precludes any inference that Acer knew of the eight patents-in-suit other than the '129 Patent before the filing of the current Complaint on January 12, 2015.

Azure argues that Acer's knowledge in 2012 of the '129 Patent constitutes knowledge of the eight other patents because all nine patents are in the same patent family.  Doc. No. 1 (Complaint) at ¶¶ 54, 57**.**  This is wishful thinking.  As a matter of law, knowledge of one patent

---

[13] Exhibit 14.

does not equate to knowledge of other patents, or patent applications in the same family.  *See Va. Innovation Scis., Inc. v. Samsung Elecs. Co*., 983 F. Supp. 2d 700, 709-10 (E.D. Va. 2013) ("[T]here can be no affirmative duty to continue to monitor any patent . . . for continuations or continuations-in-part, which could perhaps, eventually, issued as patents"); *Affinity Labs of Tex.*, 2014 WL 2892285, at *6 (dismissing induced and willful infringement claims and holding that a lawsuit on an earlier similar patent does not create knowledge of subsequently issued patents, even if they are in the same patent family); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. 11-cv-6638-RS, 2012 WL 1831543, at *5-7 (N.D. Cal. May 18, 2012) ("requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents," including other patents that share a common specification).[14]  Thus, Acer's alleged knowledge in 2012 of the '129 Patent cannot support allegations that Acer knew of the eight other patents at that time.

Further, at the time Azure brought its initial lawsuit against Acer in 2012, *none* of the eight other patents-in-suit had even been issued.  Even at the time that the initial lawsuit was dismissed in 2013, the majority of the eight other patents-in-suit were still pending issuance.[15]  Therefore, Azure's argument fails as a matter of logic, let alone law.  For these reasons, the 2012 Complaint does not—indeed, cannot—provide Acer notice of any patent-in-suit but the '129 Patent.  *See Boundaries Solutions Inc. v. CoreLogic, Inc.*, No. 5:14-cv-00761-PSG, 2014 WL 7463708, at *3 (N.D. Cal. Dec. 30, 2014) (dismissing induced and willful infringement claims, holding that "the law is clear" that defendant's knowledge of pending patent applications

---

[14] Exhibit 15.
[15] At the time the 2012 Complaint was dismissed in 2013, five of the eight patents were still being prosecuted in the Patent Office, and applications had not yet been filed for the remaining three.

provides no basis to plead knowledge of actual patents at issue).[16]

At minimum, therefore, the Court should dismiss Azure's allegations of induced and willful infringement as to the '129 Patent prior to the filing date of the 2012 Complaint, and as to the eight other patents, prior to the filing date of the current Complaint.

## VI.    CONCLUSION

For the reasons stated above, Acer respectfully requests that the Court dismiss Azure's claims of induced and willful infringement against Acer.

Dated: April 28, 2015                                   Respectfully submitted,


                                                        By:_____/s/ Eric H. Findlay_____
                                                        Eric H. Findlay (TX Bar No. 00789886)
                                                        Brian Craft (TX Bar No. 04972020)
                                                        FINDLAY CRAFT P.C.
                                                        102 North College Avenue, Suite 900
                                                        Tyler, TX 75702
                                                        Tel: (903) 534-1100
                                                        Fax: (903) 534-1137
                                                        efindlay@findlaycraft.com
                                                        bcraft@findlaycraft.com


                                                        Hsiang ("James") H. Lin
                                                        Fatima Alloo
                                                        TECHKNOWLEDGE LAW GROUP LLP
                                                        100 Marine Parkway, Suite 200
                                                        Redwood Shores, CA 94065
                                                        Tel: (650) 517-5200
                                                        Fax: (650) 226-3133
                                                        jlin@tklg-llp.com
                                                        falloo@tklg-llp.com


                                                        *Attorneys for Defendants Acer America*
                                                        *Corporation and Acer Inc.*

---

[16] Exhibit 16.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2015, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

Dated: April 28, 2015

_____ /s/ *Eric H. Findlay* _____
Eric H. Findlay